```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

GEDDIETH E. DAVIS                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 5:13-cv-41(DCB)(MTP)

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; LINDSEY McBRIDE;
FIRST MORTGAGE COMPANY; RENA
SCHMIDT, D/B/A CENTURY 21 RIVER
CITIES REALTY; RENA SCHMIDT;
NATIONWIDE TRUSTEE SERVICES, INC.;
STEPHANIE FONTENO; and JOHN AND
JANE DOES 1-99                                            DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

   This cause is before the Court on defendant JPMorgan Chase Bank, N.A. ("Chase")'s Motion for Summary Judgment **(docket entry 7)** and Motion to Dismiss **(docket entry 9)**. Having carefully considered the motions, to which no responses have been filed, and being fully advised in the premises, the Court finds as follows:

   On February 11, 2013, the plaintiff Geddieth E. Davis ("Davis") filed suit in Adams County Circuit Court against the defendants seeking damages for fraudulent inducement, fraud, misrepresentation, fraud in the procurement, breach of fiduciary duty, breach of contract, breach of the covenant of good faith and fair dealing - tortious interference, wanton gross negligence, wrongful foreclosure, and private nuisance - malice, all in connection with the purchase, financing, and foreclosure of a home. The state court suit was removed to this Court on March 21, 2013.

   In its motion for summary judgment, Chase shows that the home

was purchased in March of 2004, that the purchase was financed by First Mortgage Company, and that Davis defaulted on the note in 2011. On November 2, 2011, the trustee instituted foreclosure proceedings, and the property was sold to defendant Chase on December 1, 2011. The plaintiff has asserted two types of claims in this action: (1) those associated with the origination of the loan in 2004, and (2) those involving the 2011 foreclosure.

The plaintiff's loan closing took place on March 2, 2004. Because this action was not commenced until nine years later, all of the plaintiff's claims relating to the origination of the loan are time-barred. See Miss. Code Ann. § 15-1-49 (three-year statute of limitations for tort and breach of contract claims).

The plaintiff's claims involving the foreclosure consist of: (1) fraud and misrepresentation, (2) breach of fiduciary duty, (3) breach of contract, (4) negligence, (5) wrongful foreclosure, and (6) private nuisance - malice.

Fraudulent misrepresentation must be related to past or presently existing facts, not future conduct. Spragins v. Sunburst Bank, 605 So.2d 777, 781 (Miss. 1992). A party must also state with particularity the circumstances constituting fraud, and the failure to do so requires "dismissal on the pleadings for failure to state a claim." Southland Securities Corp. v. Inspire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004). The particulars of a misrepresentation claim must likewise be stated with

2

particularity.  Grissom v. Liberty Mutual Fire Ins. Co., 678 F.3d 397, 403 (5th Cir. 2012).  The plaintiff fails to allege any of the particulars of her fraud and misrepresentation claims.  Furthermore, the terms of her loan including interest rate and repayment terms, as well as specific compensation First Mortgage Company was to receive, were fully disclosed in the documents signed by the plaintiff.  Thus, the plaintiff cannot have reasonably relied on any oral representations.

The plaintiff's breach of fiduciary duty claim fails because she has not shown a fiduciary relationship with Chase.  The Mississippi Supreme Court has never held that the relationship between a mortgagor and a mortgagee is a fiduciary one.  Hopewell Enterprises, Inc. v. Trustmark National Bank, 680 So.2d 812, 816 (Miss. 1996).  Nor did Chase have a contractual relationship with the plaintiff; therefore, her breach of contract and breach of implied covenant of good faith and fair dealing claims fail as a matter of law.  See Austin Firefighters Relief & Retirement Fund v. Brown, 760 F.Supp.2d 662, 676 (S.D. Miss. 2010); Baldwin v. Laurel Ford Lincoln-Mercury, Inc., 32 F.Supp.2d 894, 899 (S.D. Miss. 1998); BC's Heating & Air and Sheet Metal Works, Inc. v. Vermeer Mfg. Co., 2012 WL 642304, at *7 (S.D. Miss. Feb. 27, 2012).

Likewise, the plaintiff has not offered any proof to establish any tortious interference with any contractual relationship she had with any other party.  She offers no evidence of her alleged

3

contractual relationship with First Mortgage, nor does she establish that such contract "would have been performed but for the alleged interference of" Chase. See Southern General Agency, Inc. v. ACCC Ins. Co., 2011 WL 1343160, at *2 (S.D. Miss. March 31, 2011).

Relying on her previous allegations, the plaintiff also charges Chase with "wanton gross negligence." However, under Mississippi law, "[n]egligence can only proceed from a duty imposed by contract, or by the statutes of the state, or by well-defined public policy. A claim sounding in negligence fails as a matter of law unless the plaintiff was owed a legal duty." Anderson v. Litton Loan Servicing, LP, 2010 WL 445593, at *4 (S.D. Miss. Feb. 1, 2010). A mortgage is "simply an arms length business transaction involving a normal debtor-creditor relationship" under which "the loan agreement fixes the contractual term." Hopewell Enterprises, 680 So.2d at 817. Thus, the parties are free to pursue any contractual or statutory rights, including the exercise of any "lawful remedies against a borrower in default." Temple-Inland Mortg. Corp. v. Jones, 749 So.2d 1161, 1169 (Miss. App. 1999).

The terms of the relationship between the plaintiff and Chase were fixed by the terms of the loan. Hopewell Enterprises, 680 So.2d at 817. The plaintiff defaulted by failing to make the required payments in a timely manner. Chase's Exhibits "A" at ¶ 3,

4

and "B" at ¶ 1.  Because of the plaintiff's default, Chase was free to foreclose, and owed no further duty to the plaintiff.  Anderson, 2010 WL 445593, at *4; Rosemont Gardens Funeral Chapel-Cemetery, Inc. v. Trustmark National Bank, 330 F.Supp.2d 801, 811 (S.D. Miss. 2004); Teeuwissen v. JPMorgan Chase Bank, N.A., 2011 WL 5593164, at *8 (S.D. Miss. Nov. 17, 2011).

The plaintiff's claim for "wrongful foreclosure" is based on her allegation that the foreclosure sale was conducted without legal right or authority.  Mississippi is an "intermediate theory" title state.  See O'Neal Steel, Inc. v. EB Inc., 186 F.3d 638, 643-44 (5th Cir. 1999); Anderson v. Kimbrough, 741 So.2d 1041, 1047-48 (Miss. App. 1999).  As a result, "the borrower maintains title to the property" after executing the mortgage, "however, once the loan goes into default, the mortgagee immediately receives title and the right to possess the property."  Millette, 186 F.3d at 643 n.10. "The subsequent foreclosure is the mechanism by which the trustee procedurally perfects the interest which is automatically transferred upon default.  Indeed, the transfer of title to the trustee upon default is not affected even if a subsequent foreclosure sale is set aside due to procedural irregularities." Martin v. USDA Rural Housing Service, 276 B.R. 552, 556 (Bankr. N.D. Miss. 2001).  The undisputed evidence confirms that there was no wrongful foreclosure.

The plaintiff was required to make all the monthly payments

5

required by her loan.  See Chase's Exhibit "B" at ¶ 1.  However, the plaintiff concedes that by October 2010 she was in default. See Chase's Exhibit "Q" at ¶ 95.  The substitute trustee's deed further confirmed the plaintiff's "default" under the deed of trust at the time of the December 1, 2011 sale.  See <u>Chandler v. Bank of Brooksville</u>, 178 So. 797, 799 (Miss. 1938)("A deed made by a trustee will be presumed, prima facie, to have been made after compliance with its requirements of notice, of time, place, and terms of sale").  As a result, Chase "was free to foreclose on the security" and cannot be guilty of "bad faith."  See <u>Rosemont Gardens</u>, 330 F.Supp.2d at 811; <u>Peoples Bank & Trust Co. v. L & T Developers, Inc.</u>, 434 So.2d 699, 708 (Miss. 1983).  Procedurally, state law requires that notice of a non-judicial foreclosure be posted at the courthouse and published for three consecutive weeks before the sale.  Miss. Code Ann. § 89-1-55.  The substitute trustee's deed establishes that notice was posted at the Adams County Courthouse on November 8, 2011, and published in the <u>Natchez Democrat</u> for three consecutive weeks beginning on November 10, 2011.  See Chase's Exhibit "P."  Thus, all of the substantive and procedural foreclosure requirements were met.

The plaintiff also has no standing to challenge the foreclosure based upon her default.  By failing to make all of her contractually required payments, title to the property passed to Chase "immediately" upon her default.  See <u>Millette</u>, 186 F.3d at

6

643 n.10.  Because she had "no possessory interest in the Property at the time of the foreclosure," the plaintiff does "not have standing to pursue claims for wrongful foreclosure" in this action. Patton v. American Home Mortgage Servicing, Inc., 2013 WL 1310560, at * 3 (S.D. Miss. March 28, 2013).

Finally, the plaintiff attempts to raise a claim for private nuisance and "malice."  Specifically, she contends that the defendants "caused an evasion upon [her] private use and enjoyment" of the subject property.  See Chase's Exhibit "Q" at ¶ 186.

"A private nuisance is a nontrespassory invasion of another's interest in the use and enjoyment of his property." Biglane v. Under the Hill Corp., 949 So.2d 9, 14 (Miss. 2007)(citing Leaf River Forest Products, Inc. v. Ferguson, 662 So.2d 648, 662 (Miss. 1995)).  Under this doctrine, "[o]ne landowner may not use his land so as to unreasonably annoy, inconvenience, or harm others." Id. Thus, excessive noise, threatening animals, and air pollution from adjacent landowners can support a potential private nuisance cause of action.  Biglane, 949 So.2d at 11; Williams v. King, 860 So.2d 847, 851-52 (Miss. App. 2003); Vicksburg Chemical Co. v. Thornell, 355 So.2d 299, 300 (Miss. 1978).

In this instance, the plaintiff no longer has any right to "use and enjoyment" of the subject property following her default. See Biglane, 949 So.2d at 14.  At that point, title to the subject property "immediately" passed to Chase.  See Millette, 186 F.3d at

7

643 n.10.  Moreover, there is no allegation that Chase has used the land "so as to unreasonably annoy, inconvenience, or harm" the plaintiff's use of "her" land.  See Biglane, 949 So.2d at 14.  Instead, this action involves only a single tract of land owned by Chase, in which the plaintiff no longer has any interest.  Thus, this claim also fails as a matter of law.

The Court therefore finds that Chase is entitled to judgment as matter of law with respect to all of the plaintiff's origination and foreclosure-related claims.  Accordingly, Chase shall be dismissed from this action with prejudice.

Chase also moves for dismissal of the remaining defendants for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5).  None of the remaining defendants has been served with process, despite the fact that this suit originated in the Circuit Court of Adams County more than a year ago.

> Mississippi Rule of Civil Procedure 4(h) provides:
>
> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, **the action shall be dismissed** as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Miss.R.Civ.P. 4(h)(emphasis added).

> Federal Rule of Civil Procedure 4(m) provides:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss

8

> the action without prejudice as to that defendant **or direct that service be effected within a specified time**; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. ....

Fed.R.Civ.P. 4(m)(emphasis added).

Since the plaintiff's 120 days to serve process had not expired before removal to federal court, Federal Rule 4(m) applies. See Robinson v. Roxy Investments, L.P., 2008 WL 3165834, at *1 (S.D. Miss. Aug. 1, 2008)(citing Hanna v. Plummer, 380 U.S. 460, 473-74 (1965), and Fed.R.Civ.P. 81 (providing that "[t]hese [federal] rules apply to civil actions removed to the United States District Courts....")).

This Court therefore may extend the plaintiff's time for service of process to a date which would permit the plaintiff to cure any alleged insufficiencies in service of process. Robinson, 2008 WL 3165834, at *1. See also Henderson v. U.S., 517 U.S. 654 (1996); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause."); 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be

defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").

The plaintiff has not responded to Chase's motion and has not shown "good cause." However, even if "the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013). Such relief may be warranted when, for example, the "applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee notes (1993).

In this case, the Court finds it unlikely that the plaintiff will be able to show "good cause." Nevertheless, the Court shall deny Chase's motion without prejudice, and allow the plaintiff fourteen (14) days to show "good cause" for her failure to serve the defendants with process, or any other circumstances explaining the delay. Failure to do so could result in dismissal of this action.

Accordingly,

IT IS HEREBY ORDERED that defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment **(docket entry 7)** is GRANTED, and said defendant is dismissed from this action with prejudice;

FURTHER ORDERED that defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss the remaining defendants for insufficient service

10

of process **(docket entry 9)** is DENIED WITHOUT PREJUDICE.  The plaintiff shall have fourteen (14) days from the entry of this Memorandum Opinion and Order to show cause for her failure to serve the defendants with process, or any other circumstances explaining the delay.  Failure to do so could result in dismissal of this action.

    SO ORDERED, this the 25th day of March, 2014.

                                            /s/ David Bramlette
                                            UNITED STATES DISTRICT JUDGE