```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


GEDDIETH E. DAVIS                                        PLAINTIFF

VS.                           CIVIL ACTION NO. 5:13-cv-41(DCB)(MTP)

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; LINDSEY McBRIDE;
FIRST MORTGAGE COMPANY; RENA
SCHMIDT, D/B/A CENTURY 21 RIVER
CITIES REALTY; RENA SCHMIDT;
NATIONWIDE TRUSTEE SERVICES, INC.;
STEPHANIE FONTENO; and JOHN AND
JANE DOES 1-99                                          DEFENDANTS
```

<u>ORDER</u>

This cause is before the Court pursuant to the Court's March 25, 2014 Memorandum Opinion and Order which (1) dismissed defendant JPMorgan Chase Bank, (2) ordered the plaintiff to show cause for her failure to serve the remaining defendants with process, or any other circumstances explaining her delay, within fourteen days from March 25, 2014, and (3) warned the plaintiff that failure to respond could result in dismissal of this action.

The plaintiff has failed to file any response to the Court's Order. The Complaint in this matter was filed on February 11, 2013, in the Circuit Court of Adams County, Mississippi, and was removed to this Court on March 21, 2013.

Mississippi Rule of Civil Procedure 4(h) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, **the action shall be dismissed as**

> **to that defendant without prejudice** upon the court's own initiative with notice to such party or upon motion.

Miss.R.Civ.P. 4(h)(emphasis added).

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, **shall dismiss the action without prejudice as to that defendant** or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. ....

Fed.R.Civ.P. 4(m)(emphasis added).

Since the plaintiff's 120 days to serve process had not expired before removal to federal court, Federal Rule 4(m) applies. See Robinson v. Roxy Investments, L.P., 2008 WL 3165834, at *1 (S.D. Miss. Aug. 1, 2008)(citing Hanna v. Plummer, 380 U.S. 460, 473-74 (1965), and Fed.R.Civ.P. 81 (providing that "[t]hese [federal] rules apply to civil actions removed to the United States District Courts....")).

The plaintiff has not responded to the Court's Order and has not shown "good cause." In fact, the plaintiff has not filed any pleadings in this action since its removal from state court to federal court on March 21, 2013. On May 28, 2013, the plaintiff's counsel participated in a telephonic status conference during which Magistrate Judge Parker inquired about the status of service of process.

By the plaintiff's silence, the Court concludes that she does

2

not wish to prosecute her claims against the remaining defendants, and, in accordance with this Court's March 25, 2014 Order, finds that the remaining defendants should be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED that defendants Lindsey McBride; First Mortgage Company; Rena Schmidt, d/b/a Century 21 River Cities Realty; Rena Schmidt; Nationwide Trustee Services, Inc.; and Stephanie Fonteno are dismissed from this action without prejudice. A final judgment shall issue.

SO ORDERED, this the 23rd day of April, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE